Taliaferro,'J.
The plaintiff,"together with one Jarrott, then, a partía er of his,’'leash'd'from tlieMefen.dant a livery stable and premises attached, as the plaintiff alleges, for the term óf five'years,'at a certain sum per *115 annum, the plaintiff to be reimbursed at the expiration of the lease for all necessary repairs, work and improvements he might have to do upon the premises during his occupation of them. He avers that the defendant, in violation of the contract, sold the leased premises long before the expiration of the lease, and that the vendees were put into possession by the defendant to the great injury and damage of the plaintiff, who was compelled to abandon the property. He claims three hundred dollars for repairs, and one thousand dollars damages for the tortious act of defendant in dispossessing him.
The defendant denied all the allegations of the plaintiff, except that of having leased the stables, and claims in reconvention seven months’ rent of the premises, at .the rate of twelve dollars per month. The case was tried before a jury. A judgment was rendered in favor of the plaintiff for three hundred and forty-eight dollars, subject to a credit of thirty-seven dollars and seventy-five cents in favor of the defendant, and costs of suit. From this judgment the defendant appealed.
Four bills of exception were taken by defendant during the trial—throe of these relating to matters touching the claim for damages, which the plaintiff having abandoned by acquiescing in the judgment and asking that it be affirmed, need not be considered. The other was taken to the admission of the testimony of Jarrett, who was the partner of the plaintiff at the time the contract was entered into—the lease having been made to Crane & Jarrett by the defendant. It appears by the evidence that, some time after this contract was entered into, Jarrett sold his entire interest in the lease, the stock, vehicles and everything else relating to the business they were engaged in, to Crane ; and that, upon the first trial of this case, Crane executed in favor of Jarrett a release in full, in warranty as well as otherwise, from all liability that might arise out of the business they had been engaged in. Crane thereupon introduced Jarrett as a witness. The objection was that Jarrett, as a partner in the commercial partnership of Crane & Jarrett, was bound in solido to the defendant for the balance of the rent due the defendant. The record discloses that, long after the sale from Jarrett to Crane, the defendant notified the plaintiff individually of the termination of the lease, using (in the written .notice) this language : “ The lease you hold will terminate on the 80th June, 1858.” In April, 1858, he took a due-bill individually from the plaintiff for rent due at that time. He admits, in his answer, that he rented the livery stable to plaintiff ; avers that the plaintiff owes him for the use and rent of the property from the 1st January, 1858, to 1st of August of that year ; claims rent for that period from the plaintiff in the reconventional demand, and nowhere in his answer sets up any claim against the partnership. These facts seem to have satisfied the Judge a quo that the defendant did not look to the partnership, but to the plaintiff alone, for the payment of rent, and therefore, upon the release by Crane to Jarrett, admitted the latter to testify. In this, we think, the Judge did not err. Menam v. Worsham, 4 N. S. 198. The entire evidence warrants the conclusion that the verdict of the jury did justice between the parties.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.